1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7    NATIONAL INTERSTATE INSURANCE
     COMPANY,                                    Case No. 2:21-CV-479 JCM (VCF)
8
                              Plaintiff(s),              ORDER
9
10          v.
11   BENNY COLON-RODRIGUEZ, et al.,
12                            Defendant(s).

13
14          Presently before the court is plaintiff National Interstate Insurance Company's motion for
15   default judgment.  (ECF No. 24).  No responses have been filed and the time to do so has passed.
16   For the reasons stated below, the court grants the plaintiff's motion in part.

17   **I.      Background**

18          Plaintiff filed its complaint in 2021 based on diversity jurisdiction and received a clerk's
19   entry of default against all the defendants in 2022.  (ECF Nos. 1, 23).  Because the clerk of the
20   court has entered default against the defendants, the well-pled "factual allegations of the complaint,
21   except for those allegations relating to damages, will be taken as true."  *Geddes v. United Fin.*
22   *Grp.,* 559 F.2d 557, 560 (9th Cir. 1977).  The court thus treats the plaintiff's asserted facts as true
23   and provides a summary of the complaint below.

24          This case involves an insurance dispute arising out of a car accident.  Defendant Monique
25   Meneses rented a car from ARK Cash Car Rental in August 2015.  (ECF No. 1, at 2).  The day
26   after Meneses rented the car, she permitted defendant Benny Colon-Rodriguez to drive it.  (*Id.* at
27   8).  Colon-Rodriguez then crashed the rental car into defendant Blake Swearingen's car.  (*Id.* at 8–

28

James C. Mahan
U.S. District Judge

10).    Swearingen sued Meneses and Colon-Rodriguez in state court and received a default judgment.[1]  (*Id.*).

Unfortunately, Meneses had listed herself as the "main"—and only—driver of the rental car in the ARK rental agreement.  (*Id.* at 2).  Under the terms of the rental agreement, only drivers listed in the agreement are deemed "authorized drivers."  (*Id.*).  Colon-Rodriguez was therefore not an authorized driver when the accident occurred.  Use of the rental car by an unauthorized driver is considered a material breach of the rental agreement, making the main driver responsible for all damages resulting from that breach.  (*Id.* at 3).

Meneses, by entering into the rental agreement, also stipulated that she had her own car insurance policy.  (*Id.* at 3).  She did not.  (*Id.* at 8).  The rental agreement expressly stated that it was a material breach for the renter to misrepresent whether she had her own car insurance, and that this breach would void ARK's liability under the agreement.  (*Id.*).

At all relevant times, ARK was covered under a policy issued by the plaintiff, National Interstate Insurance Company.  (*Id.* at 4–5).  The policy also provided limited coverage to authorized drivers in ARK's rental agreements.  (*Id.* at 5).  However, the policy was "subject to the terms, conditions, restrictions and limitations in the rental agreement," and disclaimed liability in the event of concealment, misrepresentation, or fraud by an insured "relating to a claim" under the policy.  (*Id.* at 6–7).

Plaintiff's complaint contains four causes of action: (1) misrepresentation; (2) "unauthorized use of a rental car"; (3) breach; and (4) in the alternative,[2] "declaratory relief limiting recovery."  Plaintiff requests a judicial declaration that Meneses breached the ARK rental agreement and that, as a result, the rental agreement is void and plaintiff need not indemnify Meneses and Colon-Rodriguez under its policy or pay any judgment taken by Swearingen against either, or both, of them.  (*Id.* at 11).

---

[1] Case number A-17-759440-C in the Eighth Judicial District Court in Clark County, Nevada.

[2] Plaintiff's complaint requests that, in the event the court finds that Meneses did not breach the rental agreement, the court instead limits the defendants' recovery under the policy.  (ECF No. 1, at 11–12).

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II.     Legal Standard

Federal courts sitting in diversity apply the relevant state substantive law and federal procedural law unless state law conflicts with a valid federal statute or procedural rule.  *E.g.*, *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (quoting *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  The moving party must first seek, and obtain, an entry of default from the clerk of court.  FED. R. CIV. P. 55(a).  After a clerk's default is entered, the party may apply to the court for a default judgment.  *Id.*   The court will take the factual allegations in the complaint as true, except for those relating to damages.  *Geddens*, 559 F.2d at 560.

The choice of whether to enter a default judgment lies within the court's discretion.  *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has identified several factors to consider when determining whether to grant default judgment, including: (1) the possibility of prejudice to the plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy favoring a decision on the merits.  *Eitel*, 782 F.2d at 1471–72.

## III.     Discussion

Plaintiff moves for default judgment against the defendants and requests that the court grant declaratory relief.  (ECF No. 24, at 10).  Because the court finds that the *Eitel* factors weigh in favor of default judgment on one of plaintiff's claims, the motion is granted in part.

District courts generally consider the first *Eitel* factor to weigh in favor of default judgment because a defendant's failure to appear in a case prejudices the plaintiff's ability to pursue its claim on the merits.  *E.g.*, *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002); *Nationstar Mortg. LLC v. Operture, Inc.*, No. 217CV03056GMNPAL, 2019 WL 1027990, at *2

**James C. Mahan**
**U.S. District Judge**

1   (D. Nev. Mar. 4, 2019).  The court agrees and finds that the first factor weighs in favor of the

2   plaintiff.

3          The second and third *Eitel* factors weigh against default judgment for plaintiff's first claim.

4   The claim, though styled only as "misrepresentation," is actually one for *fraudulent*

5   misrepresentation.  (*See* ECF No. 1, at 7, ¶ 25, 26).  But it was not pled sufficiently in the complaint

6   because plaintiff fails to allege a required element—that Meneses "*intended* to induce plaintiff to

7   act or refrain from acting upon the misrepresentation." *Childs v. Selznick*, 281 P.3d 1161 (Nev.

8   2009) (emphasis added).  Fraud-based claims are also subject to the heightened pleading standards

9   of Rule 9(b) and must be pled "with particularity [as to] the circumstances constituting fraud or

10  mistake." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–25 (9th Cir. 2009).  Plaintiff has not

11  pled its fraudulent misrepresentation claim with particularity.

12         Plaintiff's second claim, "unauthorized use of a rental car," is not a recognized cause of

13  action in Nevada and is therefore neither meritorious nor sufficiently pled.  However, plaintiff did

14  sufficiently plead facts establishing its third claim for breach of the rental agreement.   Plaintiff

15  identified the relevant portions of the rental agreement and insurance policy, provided those

16  documents as exhibits to the complaint, and set forth the factual details of Meneses and Colon-

17  Rodriguez's actions that amounted to breach.  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616

18  (9th Cir. 2016) (affirming entry of default judgment on similar grounds).  This claim is meritorious

19  because the Nevada Supreme Court has affirmed summary judgment against a defendant based on

20  similar facts.  *Ferreira v. P.C.H. Inc.*, 774 P.2d 1041, 1043 (Nev. 1989).

21         The fourth *Eitel* factor, the amount of money at stake, weighs in favor of default judgment.

22  Plaintiff seeks only declaratory relief and no monetary damages against the defendants.  The fifth

23  *Eitel* factor, the possibility of a dispute concerning material facts, favors the plaintiff on its breach

24  claim because the clerk has already entered default, which means that all well-pled factual

25  allegations in the complaint are taken as true.  As addressed earlier, plaintiff's breach claim is well-

26  pled and supported by specific factual allegations.

27         The court also finds that the defendants' failure to appear was not due to excusable neglect.

28  Swearingen was served on April 13, 2021; Meneses was served on May 3, 2021; and Colon-

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    Rodriguez was served on May 8, 2021.  (ECF Nos. 9, 10, 11).  The clerk did not enter default
2    against the defendants until July 25, 2022, which wad more than a year after the defendants were
3    served.  Plaintiff also waited more than six months after entry of the clerk's default to file the
4    instant motion.  The defendants' failure to appear in this case cannot be said to be due to excusable
5    neglect.

6          Finally, as to the last *Eitel* factor, while public policy favors decisions on the merits, the
7    defendants' failure to appear in the case means that the merits of the case cannot actually be
8    litigated.  However, the existence of Rule 55(b) also "indicates that this preference, standing alone,
9    is not dispositive."  *PepsiCo, Inc. v. Cal. Security Cans*, 283 F.Supp.2d 1127, 1177 (C.D. Cal.
10   2002).  The court concludes that, in light of all the *Eitel* factors, default judgment is warranted on
11   plaintiff's third claim for breach.

12   **IV.      Conclusion**

13         Accordingly,

14         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for
15   default judgment (ECF No. 24) be, and the same hereby is, GRANTED in part and DENIED in
16   part.

17         IT IS FURTHER ORDERED that default judgment be entered in favor of the plaintiff, and
18   against the defendants, on plaintiff's third cause of action.  Plaintiff's first, second, and fourth
19   causes of action are DISMISSED.

20         The clerk of the court is INSTRUCTED to close this case and enter judgment accordingly.

21         DATED December 1, 2023.

22                                                     _____
23                                                     UNITED STATES DISTRICT JUDGE

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -